IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv145

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| $36,083.22 IN UNITED STATES CURRENCY, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is the "Motion to Stay" [#7] , "Second Motion to Stay" [# 15], and a motion to seal [#16], all filed by the United States. The Government moves pursuant to 18 U.S.C. § 981(g) to stay this civil forfeiture proceeding because the civil proceedings will interfere with a related criminal investigation. Claimants' oppose staying these proceedings. The Court **GRANTS** the "Motion to Stay" [#7] and the "Second Motion to Stay"[# 15] and the motion to seal [#16].

**I.     Analysis**

Section 981(g) provides that upon the filing of a motion by the Government, the Court shall stay a civil forfeiture proceeding "if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal

case." 18 U.S.C. § 981(g). The statute further defines what constitutes a related criminal case or related criminal investigation:

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009) (Keesler, Mag. J.).

Upon a review of the record in this case, including the Affidavit submitted by the Government in support of its "Motion to Stay" [#7] and its "Second Motion to Stay" [#15], the Courts finds that a related criminal investigation is currently ongoing that involves similar facts, witnesses, and circumstances to this civil forfeiture proceeding. Accordingly, a stay of these proceedings is warranted pursuant to Section 981(g) because civil discovery will adversely affect the Government's ability to conduct this related criminal investigation. See 18 U.S.C. § 981(g)(1). The Court, therefore, **GRANTS** the "Motion to Stay" [#7] and the "Second Motion to Stay" [# 15] and **STAYS** these proceedings for six months. After the expiration of six months, the stay shall automatically dissolve unless the Government can show by motion (accompanied by a status report) reasons why the

stay should not be lifted.

## II. Conclusion

The Court **GRANTS** the "Motion to Stay" [#7] and the "Second Motion to Stay" [# 15]. The Court **STAYS** these proceedings for six months. After the expiration of six months, the stay shall automatically dissolve unless the Government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

The Court also grants the motion to seal [#16] and **DIRECTS** the Clerk to re-docket the Exhibits [# 9 & # 17], which the Government filed as sealed documents, as ex parte filings with access restricted to the Government and the Court. The Court **INSTRUCTS** the Government that in future proceedings, it should file any evidence where the disclosure of such evidence may adversely affect an ongoing criminal investigation or pending criminal trial as an ex parte filing, rather than a sealed document. Filing the evidence ex parte, will alleviate the need to file a corresponding motion to seal.

Signed: October 20, 2011

Dennis L. Howell
United States Magistrate Judge