IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv145

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $36,083.22 IN UNITED STATES CURRENCY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Stay [# 20] filed by the United States. The Government moves to extend the stay in this civil forfeiture proceeding for another three months because the civil proceedings will interfere with a related criminal investigation. Claimants consent to extending the stay. The Court **GRANTS** the Motion to Stay [# 20].

**I.  Analysis**

Section 981(g) provides that upon the filing of a motion by the Government, the Court shall stay a civil forfeiture proceeding "if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g). The statute further defines what constitutes a related criminal case or related criminal investigation:

> In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made.  In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g)(4); see also United States v. Approximately $345,762.38, No. 3:09cv385, 2009 WL 3230608 (W.D.N.C. Oct. 1, 2009)  (Keesler, Mag. J.).

Upon a review of the record in this case, including the Affidavit submitted by the Government in support of its Motion to Stay, the Courts finds that a related criminal investigation is currently ongoing that involves similar facts, witnesses, and circumstances to this civil forfeiture proceeding.  Accordingly, a continued stay of these proceedings is warranted pursuant to Section 981(g) because civil discovery will adversely affect the Government's ability to conduct this related criminal investigation.  See  18 U.S.C. § 981(g)(1).   The Court, therefore, **GRANTS** the Motion to Stay [# 20] and **STAYS** these proceedings for another three months.  After the expiration of three months, the stay shall automatically dissolve unless the Government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

## II. Conclusion

The Court **GRANTS** the Motion to Stay [# 20]. The Court **STAYS** these proceedings for an additional three months. After the expiration of three months, the stay shall automatically dissolve unless the Government can show by motion (accompanied by a status report) reasons why the stay should not be lifted.

Signed: April 24, 2012

Dennis L. Howell
United States Magistrate Judge